Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of trespass quasi clausum fregit, assault and battery and wounding.
The defendants pleaded two pleas — each admitting the facts alleged in the plaintiff’s declaration, and attempting a justification.
The first plea avers that, though the plaintiff was seized of the locus in quo, a creek, running through it into the Ohio river, was frequently navigable in consequence of the reflux of water from that river, when in an ordinary state; that the creek being thus navigable at the time of the alleged wrongs, the defendants had passed up, in a flat bottomed boat, from the mouth of it, to a point above the place of conflict, for the purpose of getting a load of pig-iron, and that, on descending with their boat, they discovered that the defendant had felled a tree across the creek, and was standing on it, with an axe, menacing forcible resistance to a removal of the obstruction; and that, not being able to descend with their boat, without first removing the tree or log, they gently laid their hands on the plaintiff and removed the obstruction, using no other force than that which was necessary for that purpose.
The second plea, after averring the same facts in substance, also averred that the creek had been occasionally used by the public as a navigable stream for more than twenty years, and that the plaintiff having assaulted the defendants, they in self defence, necessarily beat and wounded him “ a little,” and used, also, as much force as was necessary for removing the log or tree, and no more.
A prescriptive' right of navigation results from 20 years uninterrupted use; and the principle applies to inland streams as well as tide waters. Two pleas ; a demurrer to each; both demurrers overruled , and judg’t for deft.: tho’ one plea is here held insufficient, as the other contains a good answer to the whole dec’n, the judgment is-affirmed.
The Circuit Judge overruled demurrers to the pleas; and the plaintiff refusing to reply to either of them, judgment was thereupon rendered in bar of his action.
The first plea does not present a bar to the entire action. It does not justify the wounding. A right to remove the obstruction, and for that purpose to gently lay hands on the plaintiff who was standing on it, with his axe, did not per se justify the wounding. To make out such a justification, it would have been necessary to aver that the plaintiff had assaulted the defendants, or that he made such resistance with force as rendered the battery and wounding necessary. Mollitur manus impos-uit does not alone justify a wounding, though it may justify a mere battery. Croke Eliz. 94, 243; Gates vs. Lounsbury, 20 Johnson’s Rep. 427; Gregory et uxor vs. Hill, 8 Term Rep. 299; McIlvoy vs. Cochran, 2 A. K. Marshall’s Rep. 271.
But the second plea is, in our judgment, sufficient, prima facie, to justify the wounding as well as the battery, and the removal of the tree.
If, as alleged, the creek was, in fact, navigable, and had been used as such for twenty years, the defendants, as a portion of the general public, had a legal right to navigate it with their boat.
To entitle them to such a privilege, it was not necessary that the sea tide should have ebbed and flowed in the creek. Such a doctrine here would not be consistent with either reason, or public policy, or adjudged cases in this country. Hooker vs. Cummings, 20 Johnson’s Rep. 97, and the cases therein cited.
' The alleged prescription for more than twenty years, would per se, in the absence of any other fact, be sufficient to show that the public had a right to use the creek for purposes of navigation, with boats subject, of course, to all the residuary and consistent rights of the riparian owner. The analagies of the modern doctrines of prescription designate twenty years as the fixed period in all cases.
Then, having a legal right to navigate the creek, the defendants had an undoubted right to remove the ob *430 struction, and to employ as much force as was nccessa-ry to that end.
And the alleged assault was prima facie a justification ^e wounding. Authorities, supra. Shain vs. Marhham, 4 J. J. Marshall's s Rep. 579; 3 Chitty on Pleading, 1069; Com. Dig. Plead. 3 M. 15, 16.
Every assault may not justify a wounding, nor even an unnecessary battery. Salk. 642. But the plea in this case, avers that, in repelling the alleged assault and defending themselves, the defendants employed no more force than was necessary. That averment is admitted by the demurrer. And the plea must, therefore, be deemed sufficient to show that the wounding was rendered justifiable by the assault. Had the wounding been wanton, or unnecessary for proper self defence, that fact should have been replied.
Wherefore, though the Circuit Judge erred in overruling the demurrer to the first plea, nevertheless, as the second plea, which was good, remained unanswered, the final judgment in bar of the action was proper; and therefore the plaintiff has not been prejudiced.
Wherefore, the judgment is affirmed.